

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 2 5 2005

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NATHANIEL K. JOHNSON,

    Defendant.

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

Case No. 04 C 5975

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendant Nathaniel K. Johnson (hereinafter, "Johnson") brings a Petition for Writ of Habeas Corpus under 18 U.S.C. § 2255 and Motion to Amend.

### I. BACKGROUND

In 2002, Johnson was indicted on five counts of bank fraud involving a scheme to deposit counterfeit and closed-account checks at banks. He was also indicted for mail fraud after filing false insurance claims for reimbursement for items lost in a fire.

In 2003, Johnson executed a Plea Agreement (hereinafter, the "Agreement") in which he pled guilty to the bank fraud, mail fraud, and arson. (See Plea Agreement at 4-5, 8). In the Agreement, Johnson acknowledged that the arson offense would be categorized as "Arson; Property Damage by Use of Explosions," under § 2K1.4 of the Federal Sentencing Guidelines.

At Johnson's plea hearing in September 2003, the Court specifically determined that Johnson was satisfied with his

representation, that he had read the Agreement with his attorney, and that he understood the Agreement's sentencing arrangement and other provisions. (Plea Hearing Trans. at 4, 8, 16-17). The Court heard the factual basis underlying the bank fraud scheme, but not the stipulated offense. (Id. at 9-12).

One month after the hearing, Johnson filed a motion to compel his counsel to correct alleged "factual inconsistencies" in the Agreement. (Mtn. to Compel at 1). Johnson stated that he was "not responsible for causing the fire [but seized the opportunity] to make a false insurance claim." (Id. at 2). He contended that he only signed the Agreement because his attorney "encouraged" him, but that he did not have "ample opportunity to intelligently comprehend the ramifications of the plea." (Id.). The Court denied the motion and sentenced him to 112 months imprisonment, supervised release, and restitution. Johnson did not appeal, but filed this Petition for Writ of Habeas Corpus (hereinafter, the "Petition").

## II. **LEGAL STANDARD**

For relief under 28 U.S.C. § 2255, a prisoner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice" violating the Constitution or laws of the United States. United States v. Addonizio, 442 U.S. 178, 185 (1979). A § 2255 motion also does not substitute for a direct appeal. Without raising the habeas issue on appeal, a petitioner

must demonstrate good cause for and actual prejudice from the failure to raise the issue. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989); see also Williams v. United States, 805 F.2d 1301, 1305-06 (7th Cir. 1986), cert. denied, 481 U.S. 1039 (1987)(applying this standard to guilty pleas).

### III. **DISCUSSION**

Johnson's Petition requests relief because the arson offense was "not made orally on the record, at the time [the Agreement] was enter[ed]." (Petition at 5). Johnson's reply attempts to clarify his challenge and states that when he entered his guilty plea, he was under the impression that all counts besides bank fraud would be dismissed. (Res. Br. at 2). He also contends that his attorney suggested that the arson offense would have no impact on his sentence. (Id.) The Government responds that Johnson is procedurally barred from review for failure to file a direct appeal. Further, neither the Federal Sentencing Guidelines, nor the Federal Rules of Civil Procedure require a Court to orally make an admission to a stipulated offense. Even so, the record reflects that the stipulated offense was presented orally to the Court.

Johnson's Petition fails for several reasons. First, he did not file a direct appeal and did not demonstrate any good cause for his failure or resultant prejudice. Johnson also failed to specify any grounds for habeas relief - either a violation of federal law or the Constitution. Finally, the plain language of the Agreement

and the thoroughly established record at the plea hearing directly contradict Johnson's argument that he assented to the Agreement under a misplaced impression.

Johnson also contends that his sentence "was enhanced on the basis of facts found by the sentencing judge instead of the jury" and is therefore "inconsistent with Blakely," 124 S.Ct. 2531 (2004). This assertion is misguided because Blakely v. United States does not apply retroactively. See United States v. Simpson, 376 F.3d 679, 681 (7th Cir. 2004). A written plea agreement, like Johnson's, "suffices under Blakely to support a sentence." United States v. Bahena, 105 Fed.Appx. 845, 848 (7th Cir. 2004).

## IV. **CONCLUSION**

For the reasons stated above, Johnson's Petition for Writ of Habeas Corpus and his Motion to Amend are **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 25, 2005